UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

                Petitioner,                Case No. 4:06-cv-127

v.                                            Honorable Gordon J. Quist

CAROL HOWES et al.,

                Respondents.
_____/

### REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to state a claim warranting habeas relief.

**Discussion**

    I.    Factual Allegations

Petitioner is presently incarcerated at the Lakeland Correctional Facility. In 1981, he was convicted in the Washtenaw County Circuit Court on one count of possession with intent to deliver more than 650 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(i)[1]. In May 1981 the circuit court sentenced Petitioner to life imprisonment without parole. A subsequent change in Michigan law deemed Petitioner's sentence parolable; Petitioner was paroled on November 11, 2004.

On July 15, 2005, Petitioner was arrested for multiple parole violations. His parole was formally revoked soon after a June 2006 parole revocation hearing. When Petitioner filed a timely request for judicial review of his parole revocation, the Ingham County Circuit Court[2] rejected his filings under MICH. COMP. LAWS § 600.2963 (commencement of civil action or appeal by prisoner; payment of filing fees and costs; claim of indigence). (Pet. Att., p. 1). Subsection (8) of that provision precludes a prisoner with outstanding litigation costs from filing a new action or an appeal: "[a] prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid." MICH. COMP. LAWS § 600.2963(8). The circuit court noted that Petitioner owed the circuit court $679.12 in outstanding fees and costs in seven closed cases. (Pet. Att., pp. 1-4).

Petitioner wrote a number of letters to officials at the Ingham County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court, requesting that his outstanding

---

[1] In the time since Petitioner's conviction under this provision, the Michigan Legislature amended it to require possession with intent to deliver more than 1,000 grams of controlled substance.

[2] Petitioner likely sought appeal in Ingham County because the Michigan Parole Board is based there.

court fees be waived so that he could appeal his parole revocation. (Pet. Att., pp. 5-7, 11-16, 18). In this correspondence, Petitioner alleged that MICH. COMP. LAWS § 600.2963(8) was unconstitutional on its face and as applied to him. (Pet. Att., pp. 5, 11-16, 18). In response, the Ingham County Circuit Court declined to waive Petitioner's outstanding fees and costs; the circuit court, Michigan Court of Appeals, and Supreme Court noted that the materials Petitioner had mailed to them were not proper methods of litigating or appealing the matter. (Pet. Att., pp. 2-4, 8-10, 17). Petitioner did not at any time file a formal appeal with either the state court of appeals or supreme court.

In his *pro se* application for habeas relief, Petitioner asserts that MICH. COMP. LAWS § 600.2963(8) is unconstitutional on its face "and/or" as applied to Petitioner. (Pet., pp. 5, 7). He argues that the provision is improperly denying him access to the courts, depriving him of due process, and denying him equal protection of the laws. (Pet., pp. 5-6, ).[3] For relief, Petitioner requests appointment of counsel; an evidentiary hearing; a declaration that MICH. COMP. LAWS § 600.2963(8) is both unconstitutional on its face and unconstitutional as applied to Petitioner; and discharge from confinement. (Pet., p. 21).

    II.    <u>Failure to State a Claim</u>

---

[3]I note that Petitioner has filed at least ten other petitions for habeas corpus (*see e.g. Ward v. Wolfenbarger*, No. 1:03-cv-520 (W.D. Mich.), *Ward v. Pitcher et al.*, No. 1:99-cv-114 (W.D. Mich.), *Ward v. Sherman et al.*, No. 2:01-cv-177 (W.D. Mich), *Ward v. Wolfenbarger*, No. 1:03-cv-10145 (E.D. Mich), *Ward v. Burke*, No. 1:95-cv-10284 (E.D. Mich), *Ward v. Wolfenbarger*, No. 2:03-cv-72701 (E.D. Mich.), *Ward v. State of Mich.*, No. 2:05-cv-73819 (E.D. Mich.), *Ward v. State of Mich.,* No. 2:06-cv-13948 (E.D. Mich), *Ward v. Farmer et al.*, No. 2:90-cv-71713 (E.D. Mich), *Ward v. Stegall*, No. 5:03-cv-60042 (E.D. Mich.)). Petitioner's current habeas application is not a "second or successive" petition because the issue raised herein, i.e., the unconstitutionality of MICH. COMP. LAWS § 600.2963(8), could not have been raised in any of his prior applications from a timing standpoint. Petitioner's parole was revoked in July 2006; the Ingham County Circuit Court rejected his appeal under MICH. COMP. LAWS § 600.2963(8) in September 2006. Therefore, Petitioner could not have raised this issue in any of his previously-filed habeas actions. *See In re Bowen*, 436 F.3d 699, 704-05 (6th Cir. 2006) (under the abuse of the writ doctrine, "not every numerically second petition is 'second or successive' for purposes of the AEDPA"; petition is not successive if it presents an issue "that was not ripe for review" at the filing of the prior petition[s]).

Petitioner's constitutional challenge of MICH. COMP. LAWS §600.2963(8) is not a cognizable basis for habeas corpus and should be dismissed for failure to state a claim. This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Henry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Henry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Under the AEDPA, a federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2000).

A federal habeas court may not review an alleged error in a state collateral proceeding "where the error alleged has nothing to do with the petitioner's confinement." *Ziegler v. Birkett*, No. 03-10036-BC, 2004 WL 1765516, at *4 (E.D. Mich. July 19, 2004) (citing *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Zamora v. Pierson*, 158 F.Supp2d 830, 836 (N.D.Ill. 2001); *Phillips v. Ferguson,* 182 F.3d 769, 772 (10th Cir. 1999)). A petitioner's constitutional challenge of MICH. COMP. LAWS § 600.2963(8) is an attack on proceedings that are collateral to the petitioner's detention, and is not an attack against his detention as is required by 28 U.S.C. § 2254(a). *Ziegler*, 2004 WL 1765516, at *4 (citing *Zamora*, 158 F.Supp.2d at 836). In the present case, Petitioner is therefore not entitled to habeas review of his constitutional challenge of § 600.2963(8) because the claim would not undermine his parole revocation. *See Ziegler*, 2004 WL 1765516, at *4 (citing *Zamora*, 158 F.Supp.2d at 836; *Childs v. Herbert*, 146 F.Supp.2d 317, 325-26 (S.D.N.Y. 2001)). Because Petitioner's constitutional challenge to MICH. COMP. LAWS §

600.2963(8), if successful, would not lead to reinstatement of his parole and release from custody, it is not cognizable under 28 U.S.C. § 2254. *See Ziegler*, 2004 WL 1765516, at *4.

### Recommended Disposition

I respectfully recommend that the habeas corpus petition be dismissed without prejudice pursuant to Rule 4 because Petitioner has failed to state a claim warranting habeas relief. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  November 17, 2006            /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).