UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL WARD,

       Petitioner,

v.                                          Case No. 4:06-CV-127

CAROL HOWES et al.,                   HON. GORDON J. QUIST

       Respondents.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       The Court has before it Petitioner's Objections to the report and recommendation dated November 17, 2006, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be summarily dismissed without prejudice pursuant to Rule 4 because the petition fails to state a claim warranting habeas relief. The magistrate judge further recommended that a certificate of appealability be denied. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

       The magistrate judge concluded that Petitioner failed to raise a meritorious constitutional claim because Petitioner's claim, which is that M.C.L.A. § 600.2963(8) (which precludes prisoners with outstanding litigation fees and costs from filing new lawsuits until such fees and costs have been paid) is unconstitutional, has nothing to do with Petitioner's confinement. (Report & Recommendation at 4.) In other words, the magistrate judge observed, "[b]ecause Petitioner's constitutional challenge to Mich. Comp. Laws § 600.2963(8), if successful, would not lead to reinstatement of his parole and release from custody, it is not cognizable under 28 U.S.C. § 2254." (Id. at 4-5.) The Court has reviewed Petitioner's lengthy Objections and notes that he fails to provide any persuasive reason why his constitutional challenge to M.C.L.A. § 600.2963(8), even if

successful, would lead to reinstatement of parole and release from custody. At most, it would permit Petitioner to file an action in state court seeking review of the parole revocation.

Petitioner contends that the magistrate judge ignored Petitioner's other bases for jurisdiction, 28 U.S.C. §§ 1651, 2201, and 2241, which would have permitted Petitioner to avoid the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in part under 28 U.S.C. § 2254. Petitioner is wrong. First, § 2241 does not apply to Petitioner's claim. Although the Sixth Circuit has allowed state prisoners to proceed under § 2241, *see Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371-72 (6th Cir. 2001), it has noted that there is "serious question whether a state prisoner *may* proceed under § 2241," *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006), and, in any event, has imposed the restrictions imposed by § 2254 on state prisoner petitions brought under § 2241. *See id.* Second, although the Sixth Circuit has apparently not addressed the issue, other courts have held that 28 U.S.C. § 1651, the "All Writs Act," may not be used to evade the strictures of § 2254. *See Brennan v. Wall*, 100 F. App'x 4 (1st Cir. 2004). Petitioner's reliance upon the Declaratory Judgment Act, 28 U.S.C. § 2201, is also misplaced, because it is not an independent source of federal jurisdiction. *See Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 1296 (1960). A party may invoke the Declaratory Judgment Act only if the court already has jurisdiction. *See Hedon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Finally, Petitioner's reliance upon *Halbert v. Michigan*, 545 U.S. 605, 125 S. Ct. 2582 (2005), in his citation of supplemental authority is misplaced because *Halbert* involved a direct review of a state criminal proceeding, not a habeas petition under § 2254.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

Case 4:06-cv-00127-GJQ-HWB   ECF No. 15 filed 01/19/07   PageID.375   Page 3 of 3

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 17, 2006 (docket no. 4) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 because Petitioner has failed to state a claim warranting habeas relief.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: January 19, 2007                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE

3